**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALVIN J. COLEMAN & SON, INC., and COLEMAN CONCRETE, INC.,<br>    Plaintiffs,<br><br>v.<br><br>FRANCIS HARVEY & SONS, INC., and JOHN HARVEY,<br><br>    Defendants,<br><br>and<br><br>DIMEO CONSTRUCTION COMPANY, LEE KENNEDY CO., INC., RAGNAR BENSON CONSTRUCTION, LLC, NEW ENERGY ALLIANCE, LLC, GILBANE BUILDING COMPANY, SKANSKA (U.S.A.) INC., J.H. MAXYMILLIAN, INC., GUARANTY MANAGEMENT COMPANY, INC., TURNER CONSTRUCTION COMPANY, DANIEL O'CONNELL'S SONS, INC., THE WHITING-TURNER CONTRACTING COMPANY, and CONSIGLI CONSTRUCTION CO., INC.,<br><br>    Reach and Apply Defendants. | **CIVIL ACTION**<br>**NO. 12-cv-40068-TSH** |

**ORDER ON REACH AND APPLY DEFENDANT TURNER'S MOTION TO DISMISS**
**August 23, 2012**

**Hillman, D.J.**

This matter comes before the Court on Reach and Apply Defendant Turner Construction

Company's (Turner) Motion to Dismiss for Failure to State a Claim (Docket No. 127) under Fed.

R. Civ. P. 12 (b)(6).1

Plaintiffs are attempting to collect payment on a promissory note which was issued by the Defendants after they defaulted on payments on a construction project in Berlin, New Hampshire. The Plaintiffs filed a motion for preliminary injunction seeking to enjoin the Reach and Apply Defendants, including Turner, from paying the Defendants any monies owed and to hold such funds to secure any judgment that Plaintiffs may receive.   Plaintiffs have also sued Defendants in the Carroll Superior Court in Ossipee, New Hampshire and have secured lien bonds there.

To survive a motion to dismiss, a complaint does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).   "Non-conclusory factual allegations in the complaint must… be treated as true, even if seemingly incredible." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citing *Ashcroft v. Iqbal* 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009)).   The Plaintiffs have alleged the Defendants failed to make payment on the note.   The Defendants admit in their Answer that payment has not been made, but defend that they do not owe the Plaintiffs anything until they are paid themselves by the general contractor.   Plaintiffs believe that Turner owes money to the Defendants on construction project(s) involving the two companies.   If so, the Massachusetts reach and apply statute would allow the Plaintiffs to attach assets due to the Defendants by the Reach and Apply Defendants, Mass. Gen. Laws. ch. 214, § 3(6); the Federal Rules of Civil Procedure authorize this Court to utilize this remedy.   Fed. R. Civ. P. 64(a).

Turner makes the following arguments for dismissal: that the Plaintiffs have filed this lawsuit in bad faith; that the note precludes the Plaintiffs from pursuing the instant action; and, that

---

1 Reach and Apply Defendant Ragnar Benson, LLC has also joined in part with this motion (Docket No. 173).

this case runs afoul of the both the Full Faith and Credit Clause and the Due Process Clause of the United States Constitution.

First, Turner argues the Plaintiffs have, in bad faith, claimed they have no other remedy other than to reach and apply assets owed to the Defendant.  As support, Turner points to the Plaintiffs' cases in New Hampshire and the lien bonds awarded there to show that Plaintiffs already are secured for the same claims for which they seek security here.  Plaintiffs counter that the lien bonds may be worthless if no monies are owed to Defendants.  *See e.g.*, N.H. Rev. Stat. § 447:6 (lien is valid only to the amount due); *Westinghouse Elec. Supply Co., Inc. v. Electromech, Inc.*, 409 A.2d 1141, 1173 (N.H. 1979) (subcontractor lien is limited to the amount actually owed to general contractor by the owner after offsets).  At dismissal, this Court is concerned with whether Plaintiffs have pleaded facts supporting a plausible claim to reach and apply.  *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.  Plaintiffs have met their burden by pleading an agreement with Defendants, work performed under the agreement, non-payment by the Defendants, and then monies owed to Defendants possibly in the hands of the Reach and Apply Defendants.  Based on the pleaded facts, Plaintiffs' claims are not subject to dismissal for bad faith.

Next, Turner makes two technical arguments about the wording of the note.  First, Turner argues that Plaintiffs are not a party to the note (and thus have no standing) because the note is between "A. J. Coleman Co. Inc." and the Defendant.  (Docket No. 1-1)  Plaintiffs are named before this Court as "Alvin J. Coleman & Sons, Inc." and "Coleman Concrete, Inc."  Although Plaintiffs are technically misnamed on the note, the Court is not persuaded that dismissal of their claims is warranted.  *See Gen. Motors Acceptance Corp. v. Haley,* 329 Mass. 559, 566 (1952) (the validity of a name on a contract depends on whether the party uses the name in good faith; refusing to accept the technical difference between 'E. R. Millen Co.' and 'E. R. Millen Co., Inc.').

Second, Turner contends the note *requires* Plaintiffs to elect *only* to recoup funds from the general contractor. The note recites that if payments are missed, then Plaintiffs "will be entitled to lien the property and seek direct payments from the owner." On its face, the note does not provide any exclusion or limitation of remedy. When a contract is unambiguous, the court will enforce the plain meaning of its terms. *Freelander v. G. & K. Realty Corp.,* 357 Mass. 512, 514 (1970). The Court finds that because the note does not limit the Plaintiffs' remedies, and because election of remedies applies normally *after* a judgment enters, dismissal is not warranted. *See*, 18B Charles Alan Wright et al., 18B Fed. Prac. & Proc. Juris. § 4476 (2d ed.). Plaintiffs' claims are plausible and should not be dismissed. *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

     Finally, Turner makes two arguments based on the U.S. Constitution. Turner argues the Court should dismiss this case because of a potential conflict with the Full Faith and Credit Clause. The argument is premature. The Full Faith and Credit Clause provides that "state judicial proceedings shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S. Ct. 1327, 1331-32 (1985) (citing 28 U.S.C. § 1738) (internal quotation marks omitted). To invoke the clause, among other things, there needs to be a *final judgment* on the merits in the state court action. *United States v. Tohono O'Odham Nation*, -- US --, 131 S. Ct. 1723, 1730 (2011); *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.,* 181 F.3d 174, 177 (1st Cir. 1999). No judgments have entered in New Hampshire. Moreover, any of Turner's concerns about whether the granting of injunctive relief here would undermine proceedings in New Hampshire have become moot with the denial of the motion for preliminary injunction (Docket No. 172). Turner also argues that the Due Process Clause protects against the "potentially serious issues" that could arise with parallel cases in federal and state

courts.  Procedural due process guarantees that the state will not take an individual's life, liberty or property interests without a fair procedure.  *Matthews v. Eldridge*, 424 U.S. 319, 321, 96 S.Ct. 893, 896 (1975).  Turner is a party before this Court and will have the opportunity to a fair process regarding its rights vis-à-vis the Plaintiffs.  *In re Osgood*, 203 B.R. 865, 869 (Bankr. D. Mass. 1997) ("A third party who possesses property of a debtor is a necessary party to an action to reach and apply").  Turner has the opportunity to ensure it is not wrongfully deprived of its property.  Plaintiffs' Complaint therefore withstands Turner's constitutional challenges.

Lastly, in an effort to tie up loose ends, to the extent that Turner raises the possibility of a Fed. R. Civ. P. 11 violation by Plaintiffs, this Court finds there is no application of that rule here.

## ORDER

For the foregoing reasons, Reach and Apply Defendant Turner Construction Company's *Motion to Dismiss* is **DENIED**.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE